UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1628 JGB (KKx)** | Date | October 13, 2023 |
|---|---|---|---|
| Title | ***Fast Post Shanghai Logistics Co., Ltd. v. B612 Tima Inc., et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 12); (2) GRANTING Defendant's Motion to Dismiss (Dkt. No. 9); and (3) VACATING the October 23, 2023 Hearing (IN CHAMBERS)

Before the Court are Plaintiff Fast Post Shanghai Logistics' motion to remand ("MTR," Dkt. No. 12) and Defendant Best Bay Logistics' motion to dismiss ("MTD," Dkt. No. 9.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the motions, the Court **DENIES** the MTR, **GRANTS** the MTD, and **VACATES** the October 23, 2023 hearing.

## I.   BACKGROUND

On July 5, 2023, Fast Post Shanghai Logistics ("Plaintiff" or "Fast Post") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants B612 Tima Inc. ("B612"), Best Bay Logistics Inc. ("Best Bay"), and Rail Dog Trucking LLC ("Rail Dog") (collectively, "Defendants").  ("Complaint," Dkt. No. 1-2.)  Fast Post alleges four causes of action: (1) breach of contract against all Defendants; (2) common counts against all Defendants; (3) negligence against all Defendants; and (4) conversion against Rail Dog.  (See id.)

//
//
//
//

### A. Motion to Remand

On August 11, 2023, Best Bay removed the action. ("Notice of Removal," Dkt. No. 1.) Rail Dog and B612 were not joined in the removal. (Id. ¶ 17 ("As of the date of this filing, no other party has appeared in this matter."))[1]

On September 8, 2023, Fast Post filed the MTR. (See MTR.) Best Bay opposed on September 26, 2023. ("MTR Opposition," Dkt. No. 13.) On October 1, 2023, Fast Post replied. ("MTR Reply," Dkt. No. 18.)

### B. Motion to Dismiss

On August 18, 2023, Best Bay filed the MTD. (See MTD.) In support of the MTD, Best Bay filed a memorandum of points and authorities. ("MTD Memo," Dkt. No. 9-1.) Fast Post opposed on September 29, 2023. ("MTD Opposition," Dkt. No. 17.) In support of the MTD Opposition, Fast Post also filed the declaration of attorney Stuart L. Leviton. ("Leviton Decl.," Dkt. No. 17 at 7.) On October 9, 2023, Best Bay replied. ("MTD Reply," Dkt. No. 21.) In support of the MTD Reply, Best Bay filed the declaration of attorney Andrew B. Kleiner ("Kleiner Decl.," Dkt. No. 21-1), email correspondence between Fast Post's attorneys and Best Bay's attorneys ("Emails," Dkt. No. 21-2), and declaration of attorney Joseph T. Baratta ("Baratta Decl.," Dkt. No. 21-3.)

## II. LEGAL STANDARD

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that

---

[1] Neither party mentions Defendant B612 in their briefings on this motion to remand, and a review of both the Superior Court record (case number CIV-SB-2315023) and this Court's docket for this case indicates a proof of service for B612 was never filed. The Court therefore assumes Defendant B612 Tima Inc. is no longer a party to this action.

removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court may remand the case sua sponte or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

**B. Motion to Dismiss**

**1. Rule 12(b)(6)**

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted). Courts also need not accept as true allegations that contradict facts which may be judicially noticed. See Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and

plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### 2. Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Cap., L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

### III.  DISCUSSION

#### A.  Motion to Remand

Fast Post moves to remand this action on two grounds: (1) the notice of removal is procedurally defective because Rail Dog neither joined nor consented to removal; and (2) the Complaint does not allege facts that give rise to federal question jurisdiction. (See MTR at 4.)

##### 1. Requests for Judicial Notice

Fast Post asks the Court to take judicial notice of multiple facts related to the underlying lawsuit, including: (1) that, based on the proof of service, Rail Dog was served with the summons and Complaint on July 28, 2023; and (2) that Best Bay is not included in the U.S. Department of Transportation's list of motor carriers, available on the Department's website. (MTR at 6; MTR Reply at 5.)

A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Under Federal Rule of Evidence 201, "[a] court must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Proceedings of other courts, including orders and filings, are also the proper subject of judicial notice when directly related to the case. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take judicial notice of proceedings in other courts, both within and without the

federal judicial system, if those proceedings have a direct relation to matters at issue.") Courts may also take judicial notice of publicly available websites. See Perkins v. LinkedIn Corp., 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014).

The Court finds it appropriate to take judicial notice of the proof of service on Rail Dog, because it is a court filing related directly to this action. The Court also finds it appropriate to take judicial notice of Best Bay's exclusion from the U.S. Department of Transportation's list of motor carriers, as it is information on a publicly available website. The Court GRANTS Fast Post's requests for judicial notice.

### 2. Procedural Sufficiency of Removal

Before reaching the issue of federal question jurisdiction, the Court must determine whether Best Bay's removal is procedurally defective. Fast Post argues that the removal without the joinder or consent of Rail Dog requires remand. (See MTR at 4.) Best Bay removed this action without Rail Dog's consent, but it argues that consent was not required because Fast Post failed to properly serve Rail Dog under California law. (MTR Opposition at 7.)

When a plaintiff fails to properly serve non-joining defendants, "their absence from the removal notice [does] not render the removal defective." Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011). Best Bay argues, that pursuant to California Rule of Court 3.111(b), "[t]he complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint." Cal. R. of Court 3.110(b). Here, because Fast Post filed the Complaint on July 5, 2023, the deadline to serve Defendants under Cal. R. of Court 3.111(b) was September 3, 2023. (See Complaint at 2.) According to the Rail Dog proof of service, taken under judicial notice above, Fast Post served Rail Dog on July 28, 2023 but, for reasons unknown, did not file a proof of service with the Superior Court until September 6, 2023. (MTR at 7.)

Fast Post counters that, pursuant to Section 583.210 of the California Code of Civil Procedure, it actually had three years and sixty days to file its proof of service. See Cal. Civ. Proc. Code § 583.210(a) ("[T]he summons and complaint shall be served upon a defendant within three years after the action is commenced . . . proof of service of the summons shall be filed within 60 days after the time the summons and complaint must be served.").

While the Court acknowledges the conflict in timelines, Fast Post's delay in filing the proof of service meant Best Bay had no knowledge of Rail Dog's status in the case. Even if Fast Post had properly served Rail Dog on July 28, Best Bay lacked notice of the service when it filed for removal on August 11. (Notice of Removal.) "[I]f, after exercising reasonable diligence, a removing defendant lacks notice that any co-defendants were properly served, the removing defendant need not obtain the consent of those properly served co-defendants before removing an action." Jesus Antonio Espinoza Obeso, et al. v. National Railroad Passenger Corporation DBA Amtrak, et al., No. 23-cv-02793-SVK, 2023 WL 6278880, at *4 (N.D. Cal. 2023); see also Lopez v. BNSF Ry, Co., 614 F. Supp. 2d 1084, 1087-89 (E.D. Cal. 2007) (finding defendants had

no constructive notice of remaining defendants before filing for removal, after they had searched the Superior Court case docket and found no proof of service on file). Here, Best Bay's notice of removal acknowledges, like in <u>Lopez</u>, that no other party had appeared in the matter when the notice of removal was filed, and Best Bay argues that it therefore had no notice of Rail Dog's service. (Notice of Removal ¶ 17; MTR Opposition at 9.) The Court agrees: Best Bay lacked any notice that co-defendant Rail Dog was properly served when it filed for removal, and therefore did not need to obtain Rail Dog's consent.

Accordingly, the Court finds that Best Bay's removal was procedurally proper.

### 3. Federal Question Jurisdiction

Best Bay removed this case because it contends that Fast Post's state law claims are entirely preempted by the Carmack Amendment, 49 U.S.C. § 14706, and therefore arise under federal law. (Notice of Removal ¶ 5.)

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Fast Post argues that all claims pleaded in the Complaint are state law claims. (MTR at 4.) However, "under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." <u>Hall v. North American Van Lines, Inc.</u>, 476 F.3d 683, 687 (9th Cir. 2007).

Courts have consistently found that "the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging . . . delay, loss, failure to deliver or damage to property." <u>Id.</u> at 688; see also <u>Ga., Fla., & Ala. Ry. Co. v. Blish Milling Co.</u>, 241 U.S. 190, 195 (1916) ("[T]he proper construction of the bill of lading is a Federal question"); <u>Adams Express Co. v. Croninger</u>, 226 U.S. 491, 505-06 (1913) ("[T]here can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."). The Carmack Amendment provides "a uniform national liability policy for interstate carriers" and preempts "any state common law action" against entities acting as common carriers. <u>Hughes Aircraft Co. v. North American Van Lines, Inc.</u>, 970 F.2d 609, 613 (9th Cir. 1992).

Fast Post's Complaint alleges three common law claims against Best Bay for the failure to deliver goods from California to Texas: breach of contract, common counts, and negligence. (<u>See</u> Complaint.) Fast Post also alleges $552,423.60 in damages, which satisfies the minimum amount in controversy of $10,000 under the Carmack Amendment. <u>See</u> 28 U.S.C. § 1337(a) ("[D]istrict courts shall have original jurisdiction of an action brought under . . . 14706 of title 49, only if the matter in controversy . . . exceeds $10,000."). Fast Post's claims against Best Bay therefore fall under the Carmack Amendment's purview.

Fast Post's sole remaining argument against preemption is that Best Bay does not "admit[] that it is a common carrier within the meaning of the Carmack Amendment," and points to the Department of Transportation's list of motor carriers as evidence. (MTR at 4.) To begin, Best Bay is not required to make any admissions as to its own liability under the Carmack Amendment. The question before the Court is not what Best Bay 'admits,' but whether the alleged facts in Fast Post's "well-pleaded state law claim" in its Complaint "present[] a federal question" under the Carmack Amendment. See Hall, 476 F.3d at 687.

A common carrier is defined as "any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property . . . for compensation." 49 U.S.C. § 303(a); Ensco, Inc. v. Weicker Transfer and Storage Co., 689 F.2d 921, 925 (10th Cir. 1982). Common carrier status is determined by "services offered by [a] trucker, not by corporate character or declared purpose." See Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992) (citing Mass v. Braswell Motor Freight Lines, Inc., 577 F.2d 665, 667 (9th Cir. 1978)). Fast Post's own Complaint alleges that Best Bay offered interstate-shipping services by vehicle in exchange for compensation, allegations which place Best Bay under the purview of the Carmack Amendment. (See Complaint at 6, 17.)

Accordingly, the Court finds that all of Fast Post's state law claims against Best Bay raise a federal question because they are completely preempted by the Carmack Amendment. The Court therefore **DENIES** Fast Post's Motion to Remand.

## B. Motion to Dismiss

Best Bay moves to dismiss each of Fast Post's state law claims against Best Bay as preempted by the Carmack Amendment and Federal Aviation Administration Authorization Act ("FAAAA"), under Rule 12(b)(6). (MTD Memo at 1.) Fast Post's claims against Best Bay are: (1) breach of contract; (2) common counts; and (3) negligence. (See Complaint.)

In its Opposition, Fast Post argues: (1) the Court lacks jurisdiction to rule on the MTD; (2) the MTD should be denied because Best Bay did not conduct a conference of counsel prior to filing; (3) there are no facts or allegations to support preemption by either the Carmack Amendment or the FAAAA; and (4) Fast Post requests leave to amend the Complaint if the Court grants the MTD.[2] (See MTD Opposition.)

---

[2] The parties spill much ink regarding Local Rule 7-3 and Best Bay's failure to conduct a conference of counsel at least seven days prior to filing the MTD. (See MTD Opposition at 3; Leviton Decl.; Kleiner Decl.; Baratta Decl.; Emails; L.R. 7-3.) Although the Court admonishes Best Bay for failing to meet and confer according to L.R. 7-3, it also recognizes that parties can view new filings on this Court's electronic docket and that Fast Post was still able to file its MTD Opposition. (See MTD Opposition.) The Court therefore finds that Fast Post is not prejudiced by Best Bay's failure to comply with L.R. 7-3 and considers the MTD on its merits. See Wilson-Condon v. Allstate Indem. Co., No. CV 11-05538 GAF (PJWx), 2011 WL 3439272, at *1

The Court has already found, in denying Fast Post's MTR above, that the Carmack Amendment completely preempts all of Fast Post's state law claims against Best Bay. As such, the Court finds that Fast Post has failed to state a claim under the Carmack Amendment for which relief can be granted. The Court does not reach the question of preemption under the FAAAA.

The Court grants Fast Post leave to amend the Complaint to allege claims under the Carmack Amendment or other applicable law. Accordingly, the Court **GRANTS** Best Bay's Motion to Dismiss as to the breach of contract, common counts, and negligence claims and **DISMISSES** the claims **WITH LEAVE TO AMEND**.

## IV.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Fast Post's Motion to Remand is **DENIED**.

2. Best Bay's Motion to Dismiss is **GRANTED**.

3. Each of Fast Post's state law causes of action against Best Bay (breach of contract, common counts, and negligence) is **DISMISSED WITH LEAVE TO AMEND**.

4. Fast Post shall file an amended complaint, if any, no later than **October 27, 2023**. Failure to do so will result in dismissal of this action.

5. The Court **VACATES** the October 23, 2023 hearing.

**IT IS SO ORDERED.**

---

("Allstate does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer . . . and Allstate was able to prepare and submit an opposition.").