UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 23-1628 JGB (DTBx) | Date | August 28, 2024 |
| Title | Fast Post Shanghai Logistics Co., Ltd. v. B612 Tima Inc., et al. | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** Order to Show Cause re Dismissal for Failure to Prosecute (IN CHAMBERS)

On July 5, 2023, Plaintiff Fast Post Shanghai Logistics Co., Ltd. ("Plaintiff") filed a complaint against Defendants B612 Tima Inc. ("B612"), Best Bay Logistics Inc. ("Best Bay"), and Rail Dog Trucking LLC ("Rail Dog") (collectively, "Defendants") in the Superior Court of California, County of San Bernardino. ("Complaint," Dkt. No. 1-2.) On August 11, 2023, Defendants removed the action to this Court. ("Notice of Removal," Dkt. No. 1.)

On August 18, 2023, Best Bay filed a motion to dismiss the Complaint. ("MTD," Dkt. No. 9.) On September 8, 2023, Plaintiff filed a motion to remand the case. ("MTR," Dkt. No. 12.) On October 13, 2023, the Court denied the MTR and granted the MTD, and it granted Plaintiff leave to amend the Complaint. ("MTR Order," Dkt. No. 23.) Plaintiff filed a first amended complaint on October 26, 2023. ("FAC," Dkt. No. 24.) The FAC asserts one cause of action against Defendants for liability under the Carmack Amendment, 49 U.S.C. § 14706. (Id.)

On July 3, 2024, Best Bay filed a motion for summary judgment. ("Best Bay MSJ," Dkt. No. 46.) On August 26, 2024, the Court granted the Best Bay MSJ and dismissed Best Bay from the action. ("Best Bay MSJ Order," Dkt. No. 68.) On August 12, 2024, B612 filed a motion for summary judgment. ("B612 MSJ," Dkt. No. 58.) On August 27, 2024, the Court granted the B612 MSJ and dismissed B612 from the action. ("B612 MSJ Order," Dkt. No. 73.) As such, Rail Dog is the only remaining Defendant in the action.

In tandem with its opposition to the MTR, Plaintiff submitted a proof of service of the summons and Complaint on Rail Dog, of which the Court took judicial notice. (See MTR Order at 5.) However, to date, Plaintiff has filed no proof of service of the summons and FAC on Rail Dog. Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. Proc. 12(a)(1). Here, it appears that one or more of these time periods has not been met as no proof of service of the FAC on Rail Dog has been filed, and Rail Dog has not appeared in this action.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute its case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because it has failed to file a proof of service of the FAC on Rail Dog for over ten months.

Accordingly, the Court **ORDERS** Plaintiff, **on or before September 4, 2024**, to file a proof of service of the FAC as to Defendant Rail Dog and to show cause in writing why this action should not be dismissed for lack of prosecution. Failure to comply with this order may result in dismissal of the action. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**