JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 23-1628 JGB (DTBx) | Date | September 6, 2024 |
| Title | Fast Post Shanghai Logistics Co., Ltd. v. B612 Tima Inc., et al. | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Present                                                       None Present

**Proceedings:     Order (1) DISMISSING Action for Lack of Prosecution; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

On July 5, 2023, Plaintiff Fast Post Shanghai Logistics Co., Ltd. ("Plaintiff") filed a complaint against Defendants B612 Tima Inc. ("B612"), Best Bay Logistics Inc. ("Best Bay"), and Rail Dog Trucking LLC ("Rail Dog") (collectively, "Defendants") in the Superior Court of California, County of San Bernardino. ("Complaint," Dkt. No. 1-2.) On August 11, 2023, Defendants removed the action to this Court. ("Notice of Removal," Dkt. No. 1.)

On August 18, 2023, Best Bay filed a motion to dismiss the Complaint. ("MTD," Dkt. No. 9.) On September 8, 2023, Plaintiff filed a motion to remand the case. ("MTR," Dkt. No. 12.) On October 13, 2023, the Court denied the MTR and granted the MTD, and it granted Plaintiff leave to amend the Complaint. ("MTR Order," Dkt. No. 23.) Plaintiff filed a first amended complaint on October 26, 2023. ("FAC," Dkt. No. 24.) The FAC asserts one cause of action against Defendants for liability under the Carmack Amendment, 49 U.S.C. § 14706. (Id.)

On July 3, 2024, Best Bay filed a motion for summary judgment. ("Best Bay MSJ," Dkt. No. 46.) On August 26, 2024, the Court granted the Best Bay MSJ and dismissed Best Bay from the action. ("Best Bay MSJ Order," Dkt. No. 68.) On August 12, 2024, B612 filed a motion for summary judgment. ("B612 MSJ," Dkt. No. 58.) On August 28, 2024, the Court granted the B612 MSJ and dismissed B612 from the action. ("B612 MSJ Order," Dkt. No. 73.) As such, Rail Dog is the only remaining Defendant in the action.

In tandem with its opposition to the MTR, Plaintiff submitted a proof of service of the summons and Complaint on Rail Dog, of which the Court took judicial notice. (See MTR Order at 5.) However, as of August 28, 2024, Plaintiff had not filed a proof of service of the FAC on Rail Dog. (See Dkt. No. 75.) On August 28, 2024, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute, as Plaintiff had not filed a proof of service of the FAC on Rail Dog. ("OSC," Dkt. No. 75.)

On September 2, 2024, Plaintiff filed a certificate of service of the FAC on Rail Dog. ("Rail Dog FAC Proof of Service," Dkt. No. 77.) The Rail Dog FAC Proof of Service indicates that Rail Dog was served with the FAC on March 13, 2024. (See id.) Plaintiff also filed the declaration of attorney Stuart L. Leviton, which states that Leviton has "engaged with Rail Dog throughout this proceeding" and that Rail Dog "acknowledged receipt of the First Amended Complaint" by email. ("Leviton Decl.," Dkt. No. 78 ¶¶ 7, 10.) To date, Rail Dog has not appeared in the action.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m) ("Rule 4(m)"). Where the Court grants a plaintiff leave to amend a complaint, the amended pleading must be served on all parties who have not yet appeared in the action pursuant to Federal Rule of Civil Procedure 4. See L.R. 15-3 ("Service of amended pleadings on a party who has not previously appeared shall be made as provided in L.R. 4."); L.R. 4 (referring to Federal Rule of Civil Procedure 4).

Here, Rail Dog had not appeared in the action when the Court granted Plaintiff leave to amend in the MTR Order. (See MTR Order; OSC.) Plaintiff filed its FAC on October 26, 2023. (See FAC.) However, Plaintiff did not serve the FAC on Rail Dog until March 13, 2024—139 days after filing the FAC. (See Rail Dog FAC Proof of Service.) Pursuant to Rule 4(m), the FAC was not timely served on Rail Dog. See Fed. R. Civ. Proc. 4(m). Plaintiff's counsel glosses over this delay in the Leviton Decl. and provides no good cause or explanation for its failure to serve the FAC within 90 days. (See Leviton Decl. ¶ 9.)

Accordingly, pursuant to Rule 4(m), the Court **DISMISSES** the action as against Defendant Rail Dog Trucking LLC **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**